IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| HODES & NAUSER, MDs, P.A.;<br>HERBERT C. HODES, M.D.; and<br>TRACI LYNN NAUSER, M.D.,<br><br>Plaintiffs,<br>and<br><br>CENTRAL FAMILY MEDICAL, LLC d/b/a<br>AID FOR WOMEN, and<br>RONALD N. YEOMANS, M.D.,<br><br>Plaintiffs/Intervenors,<br><br>v.<br><br>ROBERT MOSER, M.D., in his official<br>capacity as Secretary of the Kansas<br>Department of Health and Environment;<br>STEPHEN HOWE, in his official capacity<br>as District Attorney of Johnson County;<br>DEREK SCHMIDT, in his official capacity<br>as Attorney General for the State of Kansas;<br>and JEROME GORMAN, in his official capacity<br>as District Attorney for Wyandotte County,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:11-cv-02365-CM-KMH |

## MEMORANDUM AND ORDER

Plaintiffs bring this lawsuit challenging the constitutionality of Kansas laws that regulate abortion clinic licenses.[1]  The American Association of Pro-Life Obstetricians and Gynecologists ("AAPLOG"), a nonprofit membership organization based in Michigan, seeks to intervene.  (Doc. 48.)

---

[1]   The court uses the term "plaintiffs" to refer collectively to plaintiffs and plaintiffs-intervenors.

For the following reasons, the court finds that AAPLOG fails to satisfy the requirements for intervention and, therefore, denies AAPLOG's motion.[2]

## I.      PROCEDURAL BACKGROUND

On June 28, 2011, plaintiffs moved for an immediate temporary restraining order and/or preliminary injunction.  On July 1, 2011, after conducting a hearing on the motion, the court granted plaintiffs' motion for a preliminary injunction and prohibited defendants, and their agents and successors in office, from enforcing the licensing requirements of Senate Bill No. 36 (2011) at sections 2 and 8 and from enforcing the temporary regulations and licensing procedures.  Defendants did not file a notice of appeal.

On August 1, 2011, AAPLOG filed this motion to intervene, a notice of appeal regarding this court's July 1, 2011 ruling granting plaintiffs' motion for preliminary injunction, and proposed answers to the complaints.  AAPLOG wants to intervene in this lawsuit to seek reconsideration of the July 1, 2011 preliminary injunction and file a notice of appeal with the Tenth Circuit.  In its pending motion, AAPLOG argues it should be allowed either intervention as of right or permissive intervention.

## II.      ANALYSIS

### A.  Intervention As Of Right

The court must allow intervention as of right when an applicant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).  Courts typically employ a four-part test for intervention as of right: "(1) the application is timely; (2) the applicant claims an

---

[2]   The court determines that the entirety of the surreply is properly before the court given the new evidence in AAPLOG's reply brief.  *See* Doc. Nos. 81-83; *see also Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) (indicating that a surreply is proper when a party presents new evidence in a reply brief).

interest relating to the property or transaction which is the subject of the action; (3) the applicant's interest may as a practical matter be impaired or impeded; and (4) the applicant's interest is [not] adequately represented by existing parties."  *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001) (internal quotations and citations omitted) (alteration in original).  Factors (2) and (3) are often evaluated together.  *See, e.g.*, *San Juan County, Utah v. United States*, 503 F.3d 1163, 1199 (10th Cir. 2007) (en banc) ("The applicant must have an interest that could be adversely affected by the litigation.").  In this case, neither party disputes that AAPLOG's motion is timely.  Therefore, the court only considers the remaining factors.

### 1.  Impairment of Interest

An applicant for intervention must demonstrate an interest that will be adversely impacted and that is not wholly remote and speculative.  *San Juan County*, 503 F.3d at 1202–03.  AAPLOG failed to make this showing.  Specifically, AAPLOG argues that its Kansas members have an interest in this lawsuit because (1) they compete with abortion providers for patients and (2) they are burdened by providing uncompensated or under-compensated care for women who have complications after an abortion.  (Doc. 49 at 8–9; Doc. 76 at 4.)

AAPLOG claims that its members compete with abortion providers for patients.  To support this argument, AAPLOG relies on the declarations of its Executive Director, Dr. Joseph DeCook, M.D., and one of its Kansas members, Dr. Brendan Mitchell, M.D.  Dr. Mitchell states that "[a]bortion clinics, by terminating pregnancies, are in economic competition with my services to provide childbirth."  (Doc. 76-1 at 2.)  Dr. DeCook states, "AAPLOG has members practicing in Kansas who compete with abortion clinics by offering services to pregnant woman."  (Doc. 48 at 10.)  Apart from these declarations, AAPLOG does not provide additional factual support of actual competition.  The court disagrees with AAPLOG's competitive relationship argument.  AAPLOG

members compete with other doctors that perform childbirth services.  They do not compete with abortion providers.

To even make this argument in the present context, AAPLOG must assume that its members' practices may financially benefit from the Kansas laws because fewer women would be able to have abortions in Kansas, these women would choose not to (or be unable to) have abortions elsewhere, these women would seek medical care from one of AAPLOG's nine members[3] in Kansas, and this additional business would have a non-minimal impact on the financial performance of the members' practice.  This interest is too remote and speculative to justify intervention as of right.  AAPLOG's chain of reasoning is tenuous and does not establish a credible competitive economic interest.  *See San Juan County*, 503 F.3d at 1202 (agreeing with previous holding because the interest had a minimal impact and because interest was "*too* contingent, *too* indirect, and hardly substantial") (emphasis in original).

The Supreme Court rejected a similar argument.  In *Diamond v. Charles*, 476 U.S. 54 (1986), the Supreme Court held that a pro-life pediatrician did not have Article III standing to challenge a state abortion law because the possibility that "such fetuses would survive and then find their way as patients to Diamond are speculative and . . . will not suffice to invoke the federal judicial power." Although Article III standing is not required for intervention, *San Juan County*, 503 F.3d at 1171–72, the Supreme Court's rationale highlights the speculative nature of AAPLOG's argument, *Am. Ass'n of People with Disabilities v. Herrera*, 257 F.R.D. 236, 249 (D.N.M. 2008).  Based on the record before it, the court finds that AAPLOG's asserted interest in business competition is too speculative to justify intervention.  *See City of Stilwell v. Ozark Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1042 (10th Cir. 1996).

---

[3]   AAPLOG's Kansas physician directory identifies nine doctors.  *See* http://www.aaplog.org/aaplog-physician-directory/?state=KS (visited September 21, 2011).

AAPLOG's proffered second interest is similarly unpersuasive and lacks credible evidentiary support.  AAPLOG repeatedly argues that absent the Kansas laws AAPLOG members are at an economic disadvantage because "abortion providers are allowed to continue to shift and externalize the costs of complications and follow-up care to others."  (Doc. 49 at 9.)  But AAPLOG fails to provide any concrete examples of this cost-shifting or any specific statistics to support this claim.  Instead, AAPLOG merely argues that the rate of hospitalization in Kansas for post-abortion complications is approximately 0.5%, which was approximately 50 hospitalizations in 2008.  (Doc. 76 at 5.)  Dr. Mitchell further adds that he "provides care, *sometimes* uncompensated, to post-abortive women suffering from complications due to abortion," that women with post-abortive complications "*sometimes* show up at emergency rooms at local hospitals, where [he] provide[s] call coverage," and that the "lack of complete follow-up care by *some* abortion providers causes a shifting of costs of follow-up care" onto his practice.  (Doc. 76-1 at 2–3 (emphasis added).)

This evidence is vague and deficient in several respects.  For example, AAPLOG provides no evidence that the women seeking post-abortion care had abortions performed in Kansas.  Similarly, assuming there were 50 hospitalizations in 2008, AAPLOG provided no evidence as to how many of those incidences were uncompensated and performed by AAPLOG's members.  Dr. Mitchell's declaration also only includes imprecise statements.  He never identifies the number of women he has treated that suffer from post-abortion complications, the number of times his services for this post-abortion care has been uncompensated, the reasons why he "sometimes" was not compensated, an approximation of the total amount of revenue he has lost from uncompensated post-abortion care, or the locations where post-abortive women "sometimes show up" and require uncompensated care.  Given this lack of information and inexact evidence, AAPLOG's second interest is of minimal impact and does not give rise to a cognizable interest that would support intervention.  *See San Juan County*,

503 F.3d at 1202 (noting that the court will deny intervention when the claimed injury consists of only "minimal impact").

### 2. Adequacy of Representation

Even if AAPLOG established an impairment of interest, it has not demonstrated that defendants inadequately represent AAPLOG.  AAPLOG argues that defendants do not adequately represent AAPLOG's interests because defendants "failed to highlight the severability provision, failed to seek a narrowing of the preliminary injunction, and failed to appeal the preliminary injunction."  (Doc. 76 at 9.)  But these issues are merely a disagreement with defendants' litigation strategy and are not a genuine concern about inadequate representation.  *See Bumgarner v. Ute Indian Tribe of Uintah & Ouray Res.*, 417 F.2d 1305, 1308 (10th Cir. 1969) (explaining that a disagreement as to the handling of a case is not a sufficient challenge); *San Juan County*, 503 F.3d at 1206 (citing with approval First Circuit opinion denying intervention even though potential intervenors might present an argument that the current party was unlikely to make).  As such, these concerns fail to satisfy this element of Rule 24.  *See Pub. Serv. Co. v. Bd. of Cnty. Comm'r*, No. 04-cv-01828-REB, 2005 U.S. Dist. LEXIS 23919, at *13 (D. Colo. Sept. 19, 2005) ("If disagreement with an existing party over trial strategy qualified as inadequate representation, the requirement of Rule 24 would have no meaning.") (quoting *Jones v. Prince George's Cnty., Md.*, 348 F.3d 1014, 1020 (D.C. Cir. 2003)).

There is also a presumption of adequate representation when the applicant has identical interests to one of the parties, which applies even when the party is the government.  *See San Juan County*, 503 F.3d at 1204 (explaining the general presumption that "representation is adequate when the objective of the applicant for intervention is identical to that of one of the parties").  Defendants' objective is to enforce the Kansas laws.  Likewise, AAPLOG's objective is to enforce the Kansas laws.  Defendants and AAPLOG might have different motivations for pursuing this objective, but this

is not sufficient for establishing inadequate representation when the objectives are identical.  *See City of Stilwell*, 79 F.3d at 1042 (determining that representation was adequate because the applicant and a party had an identical objective even though the applicant's "ultimate motivation in this suit may differ" from that of the party).

### B.  Permissive Intervention

AAPLOG also seeks permissive intervention.  The court may permit an applicant to intervene when the applicant "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  In exercising this discretion, however, a court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 25(b)(3); *see also Arney v. Finney*, 967 F.2d 418, 421 (10th Cir. 1992) ("Permissive intervention is a matter within the sound discretion of the district court[.]") (internal quotations omitted).

In its proposed answer, AAPLOG raises several defenses including lack of subject matter jurisdiction, Eleventh Amendment immunity, and lack of standing.  (Doc. 48-1 at 10–11.)  These defenses are not unique to AAPLOG and, to the extent necessary, can be adequately represented by defendants.  *See City of Stilwell*, 79 F.3d at 1043 (affirming denial of permissive invention when district court determined that "the constitutional concerns asserted by [potential intervenors] in their proposed answer can be adequately represented by the existing defendants").  And allowing AAPLOG to intervene to assert these defenses would allow numerous third-parties to seek intervention on the same bases.  To the extent AAPLOG moves to intervene to request reconsideration of the preliminary injunction and possibly appeal, the court determines that these actions will also unnecessarily delay the underlying lawsuit and prejudice the parties.  Therefore, the court exercises its discretion and denies permissive intervention.

**IT IS THEREFORE ORDERED** that AAPLOG's motion to intervene (Doc. 48) is denied.

Dated at this 29th day of September, 2011, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
United States District Judge