**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| HODES & NAUSER, MDs, P.A.; <br> HERBERT C. HODES, M.D.; and <br> TRACI LYNN NAUSER, M.D., <br> <br> Plaintiffs, <br> and <br> <br> CENTRAL FAMILY MEDICAL, LLC d/b/a <br> AID FOR WOMEN, and <br> RONALD N. YEOMANS, M.D., <br> <br> Plaintiffs/Intervenors, <br> <br> v. <br> <br> ROBERT MOSER, M.D., in his official <br> capacity as Secretary of the Kansas <br> Department of Health and Environment; <br> STEPHEN HOWE, in his official capacity <br> as District Attorney of Johnson County; <br> DEREK SCHMIDT, in his official capacity <br> as Attorney General for the State of Kansas; <br> and JEROME GORMAN, in his official capacity <br> as District Attorney for Wyandotte County, <br> <br> Defendants. | Case No. 2:11-cv-02365-CM-KMH |

**MEMORANDUM AND ORDER**

To qualify as a prevailing party and be eligible for attorney's fees and costs, a party must obtain some relief on the merits. In the Tenth Circuit, a preliminary injunction may confer prevailing-party status if the preliminary injunction represents an unambiguous indication of probable success on the merits based on a serious examination by the court. Plaintiffs[1] obtained a preliminary injunction based on a likelihood of success on the merits after an expedited hearing that occurred only three days after plaintiffs filed this lawsuit. Because this shortened time frame did not allow for the serious

---
[1] The court uses "plaintiffs" to collectively refer to plaintiffs and plaintiffs-intervenors.

-1-

examination contemplated by the Tenth Circuit's standard and because the preliminary injunction does not represent an unambiguous indication of probable success on the merits, the court determines that plaintiffs are not prevailing parties and are not eligible for an award of attorney's fees and costs. Plaintiffs' motions (Docs. 100 and 101) are denied.

**I.      Background**

Plaintiffs—Kansas doctors and medical practices that provide abortions—brought this lawsuit to challenge the constitutionality of the temporary regulations and licensing procedures promulgated under Senate Bill No. 36 ("Act").  This bill was signed into law on March 16, 2011, and took effect on July 1, 2011.  The Act requires the Kansas Department of Health and Environment ("KDHE") to adopt rules and regulations for the licensure of facilities that perform abortions.

KDHE issued draft temporary regulations on June 9, 2011, and final temporary regulations on June 17, 2011.  The 30-page temporary regulations include extensive requirements for all aspects of medical facilities including staffing, procedures, equipment, and physical environment.  Plaintiffs requested waivers but were told that no waivers or provisional licenses would be given for existing facilities.  Plaintiffs were unable to comply with the temporary regulations—particularly the physical requirements—by the July 1, 2011 effective date, so the plaintiffs filed this lawsuit on June 28, 2011, and immediately moved for a temporary restraining order and preliminary injunction.

The court expedited briefing and held an emergency hearing on July 1, 2011.  After approximately one hour of argument, the court took a brief recess and then ruled from the bench.  The court granted the preliminary injunction based on the traditional preliminary injunction analysis[2] and enjoined defendants from enforcing the temporary regulations and licensing procedures.

---

[2]     The traditional version of the preliminary injunction analysis requires the party seeking the injunction to establish (1) a substantial likelihood of success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) an injunction, if issued, will not adversely impact the public interest.  *Kan. Judicial Watch v. Stout*, 653 F.3d 1230, 1233 n.2 (10th Cir. 2011) (internal

While the temporary regulations were enjoined, KDHE moved forward with the notice and comment process for the permanent regulations. The permanent regulations were scheduled to take effect on November 14, 2011.[3] As a result of these actions, plaintiffs' claims and the preliminary injunction entered by this court are moot. Plaintiffs currently move for an award of attorney's fees and costs as a prevailing party.

## II.     Analysis

Section 1988 authorizes a court to award attorney's fees to a prevailing party in a civil rights action. 42 U.S.C. § 1988.[4] The Supreme Court has never held whether, in the absence of a final decision on the merits, a plaintiff that secures a preliminary injunction qualifies as a prevailing party. *Sole v. Wyner*, 551 U.S. 74, 86 (2007) ("We express no view on whether, in the absence of a final decision on the merits . . success in gaining a preliminary injunction may sometimes warrant an award of counsel fees."). But, in *Kansas Judicial Watch v. Stout*, 653 F.3d 1230 (10th Cir. 2011), the Tenth Circuit identified two overarching principles to guide district courts confronted with this issue:

> First, and most fundamental, in order for a preliminary injunction to serve as the basis for prevailing-party status, the injunction must provide at least some relief on the merits of the plaintiff's claim(s). A preliminary injunction provides relief on the merits when it (a) affords relief sought in the plaintiff's complaint and (b) represents an unambiguous indication of probable success on the merits. By contrast, a preliminary injunction does not provide relief on the merits if the district court does not undertake a serious examination of the plaintiff's likelihood of success on the merits but nonetheless grants the preliminary injunction to preserve the status quo because the balance of equities favors the plaintiff.

---

quotations omitted). If, however, the last three elements tip strongly in the movant's favor, the test is modified and the first factor is satisfied "by showing that questions going to the merits are so serious, substantial, difficult and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." *Id.* (internal quotations omitted).

[3] On November 9, 2011, plaintiffs filed a lawsuit in the District Court of Shawnee County, Kansas, alleging claims under the Kansas Constitution and seeking facial invalidity of the permanent regulations and the Act. The District Court of Shawnee County entered an order—agreed upon by the parties—enjoining enforcement of the Act or permanent regulations pending final resolution of the state court action.

[4] Federal Rule of Civil Procedure 54(d) entitles a prevailing party in a civil action to an award of costs so long as those costs are authorized by 28 U.S.C. § 1920.

-3-

> Second, if the preliminary injunction satisfies the relief-on-the-merits requirement, the plaintiff qualifies as a "prevailing party" even if events outside the control of the plaintiff moot the case. If, however, the preliminary injunction is undone by a subsequent adverse decision on the merits, the plaintiff's transient success in obtaining the injunction does not render the plaintiff a "prevailing party."

*Id.* at 1238.

The primary question before this court is whether the first principle is satisfied in this case. Plaintiffs argue that it is because the preliminary injunction was based on a likelihood of success on the merits, and the preliminary injunction prohibited defendants from enforcing the temporary regulations, which was relief requested in the complaint. Defendants argue that it is not because the court was unable to undertake a serious examination of plaintiffs' likelihood of success on the merits. The court agrees with defendants.

Preliminary injunction motions are typically decided early in a lawsuit and on an incomplete record. But the preliminary injunction in this case was decided three days after plaintiffs' complaint was filed and two days after this lawsuit was assigned to the undersigned judge. This expedited schedule afforded defendants little time to oppose plaintiffs' motion. And the emergency hearing allowed no time for discovery or the presentation of witnesses.

The abbreviated schedule also had serious implications for the court. In approximately two days, the court reviewed nearly 300 pages of pleadings, motion papers, and exhibits; analyzed the applicable law; and prepared for an emergency hearing. The claims in this case were complex and involved a constitutional challenge to a new state regulatory scheme. (Doc. 102 at 6 ("This was an important and complicated case challenging an entirely new state regulatory scheme and involving complex areas of constitutional law.").) A serious examination of the merits of these claims required more than two days.

The facts in *Stout*—the case in which the Tenth Circuit announced the above principles—stand in sharp contrast to the present case and illustrate what qualifies as a "serious examination" of a

-4-

plaintiff's likelihood of success on the merits.  In *Stout*, the defendants had twenty-seven days to oppose the preliminary injunction motion, and the court had thirty-five days to prepare for the hearing.  After the hearing, the district court took an additional three weeks to issue its forty-seven-page opinion.  In its order, the district court undertook a "painstaking examination of the merits prong of the preliminary-injunction standard."  *Stout*, 653 F.3d at 1234.  After analyzing each constitutional challenge, the district court "expressly concluded that [the challenged clauses] were unconstitutional" and granted the preliminary injunction using the traditional preliminary injunction analysis.  *Id.* at 1239.

      Here, the court applied the traditional analysis and concluded that plaintiffs were likely to succeed on the merits of their due process claims.  But the court's ruling repeatedly recognized the expedited nature of the proceedings, the limited time and resources spent by the parties, the equitable considerations before the court, and the fact that the merits had yet to be resolved.  (*See* Doc. 60 at 38 ("We're at a very early stage of these proceedings."); *id.* at 40 ("Based on the record presented, it appears plaintiffs have a protected interest in maintaining their business."); *id.* at 43 ("The evidence presented to the court is sufficient at this early stage of the proceedings to show a likelihood that plaintiffs will succeed on the merits of their due process claims."); *id.* at 44–46 (discussing irreparable harm to plaintiffs absent injunction); *id.* at 47 ("The court finds that restraining action on the temporary regulations and licensing process <u>until the merits of this action can be resolved</u> would not adversely affect the public interest.") (emphasis added).)  Indeed, the court shared several of the concerns identified by the Supreme Court in *Sole* about the shortcomings of an emergency preliminary injunction hearing.  *See Sole*, 551 U.S. at 84 (explaining that the preliminary injunction hearing was "necessarily hasty and abbreviated" and its "tentative character . . . would have made a fee request at the initial stage premature").

Plaintiffs tacitly argue that despite these objective factors, the fact that the court applied the traditional preliminary injunction analysis *ipso facto* means that the preliminary injunction represents an "unambiguous indication of probable success on the merits." The court disagrees.

A preliminary injunction based on the traditional analysis does not necessarily require an "unambiguous" indication of probable success—otherwise, the Tenth Circuit would merely have stated that any preliminary injunction granted under the traditional analysis, that affords relief sought in the complaint, and that is not undone by a subsequent adverse decision on the merits makes the plaintiff a prevailing party. This court interprets the Tenth Circuit's insistence that there be an "unambiguous" finding of probable success on the merits to mean something more. In other words, to justify prevailing-party status, the court concludes that the traditional analysis must be presented and applied in circumstances where the court is able to conduct a "serious examination" of the plaintiff's claim such that any indication of the success on the merits can rightly be called "unambiguous." *See, e.g.*, *Kansas Judicial Watch v. Stout*, 440 F. Supp. 2d 1209, 1234 (D. Kan. 2006) (conducting a searching examination and expressly concluding the challenged clauses were unconstitutional). Such circumstances did not exist in this case, and the preliminary injunction did not represent an unambiguous indication of probable success on the merits.

For all of these reasons, the court concludes that the preliminary injunction issued in this case does not qualify plaintiffs as a prevailing party. Accordingly, the court denies plaintiffs request for attorney's fees and costs under 42 U.S.C. § 1988 and 28 U.S.C. § 1920.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney's Fees and Costs Pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1920 (Doc. 100) and Plaintiffs/Intervenors' Motion for Attorney's Fees and Costs Pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1920 (Doc. 101) are denied.

Dated at this 18th day of May, 2012, at Kansas City, Kansas.

                                                                    s/ Carlos Murguia
                                                                    **CARLOS MURGUIA**
                                                                    United States District Judge